UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT STOKES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:20-cv-00239-JRS-MJD |
| | ) |
| T.J. WATSON, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Robert Stokes, an inmate at the United States Penitentiary in Terre Haute, Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). For the reasons that follow, Mr. Stokes's petition must be denied.

**I. Factual and Procedural Background**

On January 4, 2011, Mr. Stokes was charged in a multi-count indictment. *United States v. Stokes*, 1:11-cr-00002-WTL-KPF-1 (S.D. Ind.) ("Crim. Dkt."), dkt. 15. A few months later, Mr. Stokes entered a petition to enter a plea of guilty and a plea agreement related to the indictment. Crim. Dkts. 44, 45. He agreed to plead guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g) in exchange for the dismissal of the other counts in the indictment. Crim. Dkt. 45 at 1, 4.

Mr. Stokes entered a stipulated factual basis during his change of plea and sentencing hearing. Crim. Dkts. 63, 64. Via this factual basis, Mr. Stokes admitted that he was a convicted felon and identified two prior felony convictions: a 2006 felony conviction for dealing in cocaine

1

or narcotics and a 2009 conviction for possession of marijuana. Crim. Dkt. 64 at 1. According to the presentence investigation report, Mr. Stokes received a six-year term of imprisonment for the 2006 felony conviction, and he served at least eighteen months in the custody of the Indiana Department of Correction. Crim. Dkt. 60 at ¶ 37.

The Court accepted Mr. Stokes's guilty plea and sentenced him to an aggregate term of 156 months' imprisonment and five years' supervised release. Crim. Dkts. 63, 68. Mr. Stokes's subsequent motion to reduce sentence and motion to vacate, set aside, or correct sentence were denied. Crim. Dkts. 87, 98.

## II. Discussion

Mr. Stokes challenges his conviction for being a felon in possession of a firearm under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Supreme Court held in *Rehaif* that to be convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g), a person must know that he or she belongs to a group covered under the statute barring possession of firearms. The portion of the statute under which Mr. Stokes was convicted, § 922(g)(1), applies this prohibition to anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mr. Stokes argues that his conviction is invalid under *Rehaif* because he did not know he was a felon at the time he possessed a firearm. Dkt. 1 at 5. The respondent argues that Mr. Stokes has not established his entitlement to relief under § 2241. Dkt. 19 at 10-13.

### A. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc).  Under very

limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

3

and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

### B. Mr. Stokes's *Rehaif* Claim

Mr. Stokes argues that he was unaware of his status as a felon at the time he was charged with being a felon in possession of a firearm and therefore under *Rehaif*, his conviction is invalid. *See* dkt. 1 at 7. The respondent contends that Mr. Stokes is not entitled to relief under § 2241 because Mr. Stokes cannot satisfy the third *Davenport* factor—that the error is grave enough to result in a miscarriage of justice. Dkt. 19 at 10-13.

The Court agrees that Mr. Stokes cannot show that he suffered a miscarriage of justice. In *Rehaif*, 139 S. Ct. at 2200, the Supreme Court stated:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

In other words, under *Rehaif*, the government's burden includes proving beyond a reasonable doubt that Mr. Stokes knew, at the time of the offense, he had "been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

When pleading guilty, Mr. Stokes admitted facts that show he knew he was a felon at the time he possessed the firearm identified in the indictment. First, the stipulated factual basis reflects that, during an earlier arrest, Mr. Stokes told officers he knew he was a felon. Crim. Dkt. 64 at 1.

---

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

Second, the stipulated factual basis contains facts that establish that Mr. Stokes attempted to flee from police in an attempt to hide the firearm identified in the indictment. *Id.* at 2-3. After being arrested, Mr. Stokes made several phone calls regarding the firearm, and these phone calls evidence his attempts to hide the firearm from law enforcement officers. *Id.* at 2-4. Finally, Mr. Stokes acknowledged that he had two prior felony convictions. Dkt. 64 at 1. The presentence investigation report established that he served at least 18 months for one of these convictions. *See* Crim. Dkt. 60 at ¶ 37. Because Mr. Stokes admitted facts to show that he knew of his status as a felon, he cannot genuinely argue now that he did not know he had been convicted of an offense punishable by a term of imprisonment exceeding one year. *See United States v. Redmond*, 667 F.3d 863, 870-71 (7th Cir. 2012) (recognizing proposition that "defendant's statements given under oath during the plea colloquy are presumed to be true").

Mr. Stokes admitted facts establishing that he knew of his status as a felon. He therefore has failed to show a miscarriage of justice in light of *Rehaif*. Because Mr. Stokes cannot satisfy the third *Davenport* factor, he is not entitled to challenge his conviction under § 2241.

## IV. Conclusion

For the foregoing reasons, Mr. Stokes's petition for a writ of habeas corpus is **denied**. Judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date:  9/27/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT STOKES
09834-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
matthew.rinka@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov